IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 2, 2022

## STATE OF TENNESSEE v. DARYL BOBO

**Appeal from the Criminal Court for Shelby County**
No. 11-03987     Chris Craft, Judge
_____

### No. W2021-00811-CCA-R3-CD
_____

Defendant, Daryl Bobo, appeals the trial court's summary dismissal of a motion filed pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure in which Defendant challenged the legality of his effective 60-year sentence as a Range III, persistent offender resulting from multiple drug-related convictions. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. JOHN EVERETT WILLIAMS, P.J., not participating.[1]

Daryl Bobo, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; James E. Gaylord, Senior Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Melanie Headley Cox, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant was convicted in 2013 of possession with intent to sell 0.5 grams or more of cocaine in a drug-free school zone, a Class A felony, and possession with intent to sell 0.5 ounces or more of marijuana in a drug-free school zone, a Class D felony. The trial court sentenced Defendant as a Range III, persistent offender to 60 years for his cocaine conviction and 12 years for his marijuana conviction, to be served concurrently. A panel

---

[1] Judge Williams, the Presiding Judge of the Court of Criminal Appeals, died on September 2, 2022. The members of this panel of the Court acknowledge Judge Williams's steadfast leadership, sharp wit, and overall positive influence on the judiciary during his many years of service to Tennessee. He will be greatly missed by all of his colleagues.

of this Court affirmed Defendant's convictions on direct appeal, and our supreme court declined to review that decision. *State v. Daryl Bobo*, No. W2013-02008-CCA-R3-CD, 2014 WL 3954066, at \*1 (Tenn. Crim. App. Aug. 13, 2014), *perm app. denied* (Tenn. Dec. 19, 2014).

In 2015, Defendant sought post-conviction relief, contending that his trial counsel was ineffective. The post-conviction court denied relief, and this Court affirmed. *Daryl Bobo v. State*, No. W2016-00477-CCA-R3-PC, 2016 WL 6803176, at \*5 (Tenn. Crim. App. Nov. 16, 2016), *perm app. denied* (Tenn. Feb. 28, 2017).

In June 2021, Defendant filed a motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, alleging that the trial court improperly considered his prior convictions in determining the appropriate range and in failing to impose the minimum sentence within the applicable range. The trial court denied his motion, finding that the sentence imposed was authorized under the statutory scheme and was not illegal and that Defendant, therefore, failed to establish a colorable claim. This appeal followed.

*Analysis*

Defendant argues that his sentence is illegal and that the trial court erred in dismissing his motion pursuant to Rule 36.1 because he was sentenced to the maximum number of years under the statutory scheme. He asserts that the sentencing court "abandoned and ignored" the plain language of Tennessee Code Annotated section 40-35-210(c)(1), and the intent of the legislature, in imposing the maximum sentence instead of the presumptive statutory minimum sentence. Defendant does not pursue in this appeal his claim from his motion that the trial court erroneously considered his prior convictions in determining the applicable range. The State responds that the trial court did not err in summarily dismissing the motion because Defendant has failed to state a colorable claim for relief. We agree with the State.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015).

As noted by our supreme court, "mistakes in sentencing are inevitable, but few sentencing errors render sentencing illegal." *Id*. at 595 (citing *State v. Cantrell*, 346 S.W.2d

445, 448-49 (Tenn. 2011). Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id*. (citing *Cantrell*, 346 S.W.2d at 452). Fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id*. (citing *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2011)). Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specifically provides a right of direct appeal." *Id*.; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

A trial court may summarily dismiss a defendant's Rule 36.1 motion if the motion fails to state a colorable claim. Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is a claim that, "if taken as true in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id*. Whether a motion states a colorable claim for relief is a question of law and reviewed de novo. *Id.* at 588.

As a Range III, persistent offender, Defendant was subject to a sentence of 40 to 60 years for the cocaine conviction as a Class A felony and 8 to 12 years for the marijuana conviction as a Class D felony. *See* T.C.A. §§ 39-17-417(c)(1), (g)(1); 39-17-432(a) (Supp. 2010); 40-35-112(e). The trial court sentenced Defendant to the maximum sentence within each range. Defendant asserts that the trial court failed to apply Tennessee Code Annotated section 40-35-210(c)(1), which provides that "[t]he minimum sentence within the range of punishment, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications." However, this is an advisory sentencing guideline which the trial court must consider but by which the trial court is not bound. T.C.A. § 40-35-210(c). Furthermore, the imposition of a maximum within-range sentence for an offense does not render a sentence illegal. *See Wooden*, 478 S.W.3d at 596 ("A sentence which is 'statutorily available but ordinarily inapplicable to a given defendant' is not an illegal sentence[.]") (quoting *Cantrell*, 346 S.W.2d at 454).

Defendant's allegations, even if true, would not create fatal errors entitling him to Rule 36.1 relief. Defendant's claim challenges the "methodology" for which the trial court

reached its sentencing determination. Such claims fall within the second category of sentencing errors – appealable errors, which must be addressed on direct appeal. *See, e.g.*, *Wooden*, 478 S.W.3d at 596; *Cantrell*, 346 S.W.2d at 454. Thus, the trial court did not err in concluding that Defendant failed to state a colorable claim for relief.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

_____
TIMOTHY L. EASTER, JUDGE